UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY PRESTON, #235170,

        Petitioner,

v.                              CASE NO. 5:22-CV-10579
                              HONORABLE JUDITH E. LEVY

MIKE BURGESS,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Michigan prisoner Harvey Preston ("Petitioner"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2010 convictions for carjacking, first-degree home invasion, unarmed robbery, and two counts of second-degree criminal sexual conduct which were imposed following a jury trial in the Oakland County Circuit Court. He was sentenced, as a second habitual offender, to concurrent terms of 30 to 60 years imprisonment on the carjacking conviction, 15 to 30 years imprisonment on the home invasion conviction, and 15 to 22 years 6 months imprisonment on the unarmed robbery and criminal sexual conduct convictions. In his current petition, he raises claims concerning the effectiveness of trial counsel, the trial court's conduct during jury voir dire, the fairness of the trial due to extensive media coverage, and an upward sentencing departure.

Petitioner, however, has previously filed a federal habeas petition challenging the same convictions and sentences at issue in this case, which was denied on the merits. *See Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017). The Court also denied reconsideration and a certificate of appealability. *See Preston v. Gidley*, No. 14-10606, 2017 WL

11496896 (E.D. Mich. Nov. 30, 2017). The United States Court of Appeals for the Sixth Circuit also denied a certificate of appealability, *see Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. April 25, 2018), and the United States Supreme Court denied certiorari. *See Preston v. Smith*, _ U.S. _, 139 S. Ct. 431 (2018). The Sixth Circuit has subsequently denied Petitioner authorization to file a second or successive federal habeas petition on at least three occasions. *See In re Preston*, No. 21-1071 (6th Cir. May 12, 2021); *In re Preston*, No. 20-1641 (6th Cir. Dec. 8, 2020); *In re Preston*, No. 18-1847 (6th Cir. Nov. 26, 2018).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has neither sought nor obtained appellate authorization to file a second or successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Consequently, the Court concludes that it must transfer this case to the Sixth Circuit.

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

                                                      s/ David R. Grand
                                                     DAVID R. GRAND
                                                     UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2022